PER CURIAM:
The claimant, Professor Wallace B. Whiting, is a Chemical Engineering Professor at West Virginia University. Professor Whiting seeks an award of $1,960.52 from the respondent, Board of Trustees of the University System of West Virginia, for books which were stolen from his office in the Engineering Sciences Building, for books which were stolen from his office in the Engineering Sciences Building, on the campus of West Virginia University. The books were owned by Prof. Whiting and were used in connection with his work as an instructor. Prof. Whiting discovered the books were missing on April 20,1993, at approximately 9:23 a.m. He did not know whether his office door was locked when the theft occurred. After he discovered the books were missing, Prof. Whiting contacted the West Virginia University Police. Officer McGee responded to the scene of the crime and prepared a crime report. The officer indicated in the crime report that the office was unlocked at the time of the theft. The officer also provided a list of the stolen books *159 to several college book stores in the tri-state area. The list of stolen books, their replacement cost, and the police crime report were submitted into evidence. Prof. Whiting alleges the respondent should be liable for the theft because his office is located directly opposite a stairwell and he is required to post his teaching schedule outside his office. These factors allow people to quickly come and go from his office and determine when he is present.
The respondent is not an insurer of a personal property kept in the private offices of its faculty members. Nor can the relationship between Prof. Whiting and the respondent be construed to establish a bailment between the parties. In order for the respondent to be held liable for this property loss, it must be shown that some negligent act on behalf of the respondent was the proximate cause of the loss.
In the instant case, there is nothing in the record which indicates the respondent has acted in a negligent manner. Prof. Whiting possessed the means with which to keep his door locked. By failing to do so he voluntarily exposed himself to the possibility of theft. The Court realizes the considerable difficulty the claimant may incur if certain personal books are not kept in his office, but this is a regrettable exposure for which Prof. Whiting may wish to consider obtaining insurance coverage. There being no actionable negligence established on the part of the respondent, this claim must be denied.
Claim disallowed.